The first case on the docket is McMurray v. Forsythe Finance. It's case number 21-4014. Counsel, proceed. Thank you, Your Honor. May it please the court, I would like to reserve three minutes for rebuttal, if that's possible, and I understand I'll keep track of time. Okay, thank you. I think this case arises from, I represent Mr. McMurray, and the district court dismissed this case on registered judicata grounds, and I think there's three issues that really sort of case. The first issue is that Utah has decided to require collectors to register, that there's a requirement. It's no different than this court requiring attorneys to register. It's done to protect the public and to protect, provide relief or, you know, accountability is basically what its purpose is. And the claims here that were asserted in the case below are based on the Fair Debt Collection Practices Act and the Utah Consumer Sales Practices Act. Both of those laws prohibit unconscionable or deceptive practices in connection with collection of debts. And the, you can violate, and I think it's important to remember, you can violate either of these laws, whether you owe the debt or not. And the reason that becomes important is because in this particular case, the judge determined that there was the same transaction or occurrence, basically because what he said was specifically Forthsite's efforts to collect on the debt allegedly owed by the plaintiff was the same transaction. And respectfully, I think there's more to that analysis under registered judicata than what the court did, because the transaction, whether it's the same transaction or occurrence under Utah law, what they look at is they look to see whether or not the first and second action determines if claim preclusion applies when the issues are the same, the facts are the same, the evidence is the same as in previous litigation. The facts that were the basis for the claim that was asserted in the first state court action was a breach of contract claim. It was a claim based on that Mr. McMurray had entered into an agreement with a third party and that he had breached that agreement. The claims that were asserted in this case addressed the collection efforts that were being used by the Forthsite, who was unregistered. So the facts, it will not be the same facts for a trial. It will not be the same claims. It will not be the same rights. The idea that just simply because they both involve collections insufficient to determine on a de novo review that that makes them the same transaction. Counsel, I know the district court did discuss this on claim preclusion grounds, but I'm wondering why this wouldn't be, why didn't the district court lack jurisdiction under the Ricker-Feldman doctrine? Can you talk about that? Sure, your honor. Basically, and that goes to the issue that the court said, look, you're trying to nullify the judgment you're asking for. Exactly. And that's what we can't do under Ricker-Feldman. Right. And I'll just remind the court, this was a removed case. So this was a case. Right. So that would mean we would have to remand a state court, which is what we do when Ricker-Feldman, when we have, find we have no jurisdiction under Ricker-Feldman, we would remand it back to the state court. Why shouldn't, why shouldn't we do that here? Seems like Ricker-Feldman is much more easy and obviously applicable than claim preclusion. I would tend to agree, I think, but I do think that it's sort of an exaggerated relief. Again, this was filed in state court. So under state court rules, rule 60 in Utah state court, you're allowed to file an independent action to void judgments. There's certain grounds that are laid out. That was sort of, but I think in this particular case, but if you look at the prayer for relief, we really just asked for the relief under the Utah Consumer Sales Practices Act, which is basically an injunction saying that they shouldn't keep violating the law. That's not what you're asking for at all from what I can see. I think your primary relief is that you want the state court judgment set voided. You want it set aside and you don't want the garnishment proceedings to continue. That's exactly what Ricker-Feldman is all about. You're asking us to tell a state court to void your judgment. And we don't have, I mean, the district court didn't have jurisdiction to do that. And that seems to be your primary basis for relief. Well, that's correct, Your Honor. And probably to add to that, now we have Ramirez versus TransUnion, which also gets into the issue of statutory damages and whether or not there's actually article three standing, if the claim is for statutory damages, which is part of the issues here that the Fair Debt Collection Practices Act allows for statutory damages as well as actual damages. But to the extent that the claim is for statutory damages under Ramirez, there might be an additional issue as to whether or not this court would have jurisdiction. We've had this issue come up recently where a court had basically dismissed our case saying with leave to amend, but gave us the opportunity to go ahead and amend our complaint. But we explained, we filed a motion saying, well, you shouldn't really amend. You should really dismiss without prejudice because we can't in good faith, allege article three standing on the basis of if we're only seeking statutory damages. So again, not to enlarge. I'm a little confused, I guess, what you're saying. At the appeal stage, if the district court lacked jurisdiction under Rooker-Feldman because your primary relief you sought was setting aside the state court judgment, are you suggesting at the appeal stage we could somehow preserve your statutory aspect of your complaint? Seems to be the more minor aspect of it. You're right. Your Honor, I was just pointing out that there was an additional issue and I apologize because this is in a different posture because this came from state court, so it was moved to federal court. In the other case that I referenced, we didn't start in state court. I see. So anyway, so I apologize for that. No, I understand that. I think I understand. Does it matter whether you started in state court or not? Well, for the purposes of determining whether or not the district court would have jurisdiction, I think it does insofar as the issue revolves around judgment centered by the state court. I don't think the district court would have authority or jurisdiction to grant that relief. So I do think when we filed the case, we were going before the state court, which would have the authority to do that type of relief. So I think it does matter in this particular case. It also matters as a practical matter because if you were to remand the case, it would go back as opposed to if we had filed in federal court, it would be dismissed and then there would be an issue of whether we could refile in state court or not. So I think it's simpler. Yeah, that last argument, at least I agree with that one. Yeah. So I do think it matters, but the other issue that were raised below is whether or not, and I'll just address the reg judicata for purposes of addressing that. But I do think that the district court's analysis of reg judicata sort of shortcut it and under the restatement section 24, the issues that you look at for determining are more complex than whether just simply that they're both collection type actions. And I don't really think that the state court case that they filed where they sought to collect from him was a collection action. Our claims are based on improper collection. So any trial would entirely different. I also think that's the reason why there's no issue preclusion here because there was nothing decided in the state court that would address whether or not they were unconscionable or unfair or deceptive practices being used by the fourth sites to collect on these debts. The other issue that was raised below is also the issue of whether or not the if the court's sort of convinced on the Rooker Feldman, I understand that. So I want to address the issues that are important to the court as opposed to what I prepared, so to speak. But that was just, that was my question. I guess I would like you to back up a little bit. You said something about, you said something about the, there may be, you may be alleging unfair collection practices or unfair practices of some variety, but I don't really understand your complaint to be alleging unfair practices as much as it's simply alleging that they, that that Forsyth didn't have standing essentially to bring the suit in state court because they didn't, you know, they didn't have the required. Yeah, I mean, I guess, I mean, you consider that to be an unfair collection practice? Yes, Your Honor, and here's why, because for instance, under the fair debt collection practices that it specifically says that attempting to enforce a debt when you don't have the right is a unconscionable or unfair practice or deceptive practice. So I think in the context of the fair debt collection practices, as well as the Utah version, I think both of those things would qualify that if you're doing something, you're asserting rights that you don't have the legal right to do, that would be an unconscionable or unfair method of trying to collect. Doesn't that collapse the two claims? That is, any time there's an asserted debt collection that fails, then you're saying ipso facto there would then be a wrongful debt collection act proven. No, Your Honor, because in this particular thing, here's the basis for our claim is we are not asserting that just because you lose in the state court that you have a fair debt collection practice. That's what it sounds like you just said. Well, I tried to put in the context of lacking the registration that's required before you do that. So there's an additional step. It's not just simply that they lost in state court. The issue here is whether or not they were properly registered and allowed to conduct collection activities in the state of Utah. Since they failed to register, the failure to comply with the law creates the basis of the claim here. It's not just a general claim that you sued in state court and you lost. In fact, the reverse is here. They actually prevailed on the breach of contract claim in the state court. But our point is that just because you prevail or just because you owe a debt, it doesn't eliminate the prohibitions or the restrictions that are placed on debt collection by either the Federal Fair Debt Collection Practices Act or the Utah Consumer Sales Practices Act. Well, that's a different point. I mean, you're saying if the debtor had prevailed below, that didn't mean the debtor couldn't still bring a debt. Not just because the creditor didn't prevail, we would still have to have some other reason. And our other reason in this case is that they weren't properly registered, that there's some other illegality involved. Is there evidence in the record that McMurray, I think McMurray says he did not know that Forsyth was not registered in the earlier, in the main debt collection, the first debt collection action. Is that right? I mean, is there any evidence that McMurray did know or should, let's deal with the other part, did or should have known. Should McMurray have known that Forsyth wasn't registered in defending that first action? Potentially, the argument would be that he should have known because there's a law that requires them to be registered. You could search the public records and find out if Forsyth was registered or not, didn't you? Right. But under the connection of Fair Debt Collection Practices Act, where you assume it's the least sophisticated consumer involved, the idea that just knowing whether someone's registered or not, the next step, though, is knowing that there's some illegality associated with it or that it provides some basis for a claim. Just by the fact that someone's not registered doesn't necessarily get you to the next level, which is, you know, a claim. And I think it might get you to the next level because we presume that people know the law. I mean, we know that's a tenuous presumption, but it's well established in the law. I agree, Your Honor. And actually, part of their argument in their brief was that they didn't know that they had to be registered. So that same... Well, let me just ask you again. Did McMurray, is there any evidence that McMurray either did or did not know that Forsyth was unregistered when McMurray defended the collection action? Your Honor, there's nothing in the record that addresses that either way. Okay, thank you. That's all I needed. Yeah. All right. Also, before you move on, can I just hop in here to circle back to our Rooker-Feldman discussion? So is it your position that Rooker-Feldman applies, number one, and if it does apply, our work is at an end, that the case is over and we send it back, there are no remaining issues? Well, I guess the answer to your question is if that's the primary issue and it's being sent back, the question would be whether it's necessary to remand out or parse parts of the claims. I think the answer would be under the standards applicable to remanding issues, that the answer would be to remand the entire action as opposed to trying to parse out different claims. Like, for instance, if there was an actual damage claim under the Fair Debt Collection Practices Act, there's no reason to have that pending in federal court while the bulk of the case is sent back to state court, if that I hopefully answered. Yeah, that answers my question. Thank you so much. May I ask a question, even though we're about out of time? Yeah. I'm sorry. Certainly. Yeah, go for it. I don't know that we would have to be calling into doubt the initial state court judgment in the second case. Couldn't McMurray get damages for the wrongful debt collection actions of Why couldn't McMurray say, I accept the first claim, I accept the results, we'll abide by those, but I want then a separate damage action, which will immunize me in a way, won't immunize me, but it will compensate me for the consequences of the first action without reversing or overturning that first action. Yes, Your Honor. And one of the cases that we cited, I assume I have time to respond. Certainly. Yes. One of the cases we cited is a state court case called LBNV funding versus Finch, which is a Maryland state case. And that's exactly what the court, even though it wasn't under the federal fair debt, it was under the equivalent Maryland state act. And that's exactly what the court said. The court said, look, even if we don't interfere with the judgments, you still might be entitled to damages for the is effective. So is it your argument, the Rooker-Feldman then does not apply? I mean, I didn't know if you, I didn't know if you were conceding the arguments that the judge Morris was worried were questioning you about or not. I think the answer to your question is, is more along the lines of the response I gave to the other judge, which is basically when you're looking at whether it remands or not, I think starting to parse out the damages separate from other relief that might be entitled, that the approach would be to remand the entire action, as opposed to keep part of it, for instance, damage claims in federal court, but have other parts of the same case being heard in the state court. So the answer to your question is I wasn't conceding that Rooker-Feldman meant to the extent that we seek relief against the judgments. I do think that's a state court action. The complication, what you're raising is because if you start parsing across the claims that there's a claim for declaratory relief as to the enforceability of the judgment, as well as a claim for actual and statutory damages, I think if you're going to remand it on the basis we can't give that relief, then it just makes practical sense that the entire action should be remanded. I hope that answers your question. Well, if the kind of like an appendix, it's unnecessary. Once we give, if we were to grant you relief for damages, you don't care whether you're reliable under the first claim or not, because you've got compensatory damages to offset it. That's correct, your honor. And like I said, the case of LBNB funding and for suspension, Maryland, they ended up holding that the judgments are in place, but they're unenforceable and that you're entitled to damages. So I guess my response to you is it sort of depends on what approach you take to that. Maryland courts just said, look, and it seemed to me to be very similar relief that if you're saying that the judgments are in place, but they're not enforceable, it sounds like you're holding those judgments to be. I'm satisfied and you've passed your time, but thank you, Judge Morris, for your patience. Certainly. Thank you, Mr. Honest. Oh, you're on, you're on mute. Good morning. May it please the court. My name is attorney David Honest and I represent the I'd like to start by continuing at the point that the court engaged Mr. Boreson on which is with regard to the maybe apparent tension between the trial court's decision to dismiss the case on grounds of claim preclusion versus the alternative that was discussed during Mr. Boreson's argument of concluding that the case was essentially governed by Ricker Feldman because the relief being sought by the plaintiffs was avoiding or nullification of the judgments in the underlying state court action in which circumstance Ricker Feldman would instruct the district court should remand the case to the state court. Let me ask you a question. Did McMurray ask for a Ricker Feldman remand at the district level in this case? No. Is that a jurisdictional question we have to honor or is it one that if the parties didn't raise it, we don't address it? I think Ricker Feldman is arguably jurisdictional in that it's something that the court could examine, arguably should examine sua sponte to the extent that it goes to subject matter jurisdiction. It is one of the sort of the few questions where I think both the district courts and the circuit courts of appeal arguably have the obligation to examine sua sponte, at least to the extent that it goes to that this really isn't a Ricker Feldman situation in that while I would acknowledge that the relief being or a component of the relief that was being requested by the plaintiffs in the district court was that the judgment in the underlying state court action be void and unenforceable. The principal claims that the plaintiffs were asserting at the district court level were for alleged violations of the Fair Debt Collection Practices Act in the Utah consumer practice. That's inconsistent with your argument on claim preclusion, isn't it? I mean, I read your brief to say that there's no question that the primary argument here and the only thing anybody was talking about was that he was seeking to overturn the state court judgment. And that's what you argued in arguing in favor of claim preclusion. So now you're saying that was secondary and it was minor? It seemed to me that the statutory claim was almost an afterthought. I think respectfully, your honor, our argument is actually a little different than that in that the plaintiffs were attempting to bootstrap, if you will, a violation of the Utah law requiring debt collectors to register with the Department of Corporations into a claim under the Fair Debt Collection Practices Act as well as the Utah statute. More specifically, when you look at the Fair Debt Collection Practices Act, as Mr. Borgeson pointed out during his argument, one of the things that the FDCA prohibits is attempts or threats to action that cannot legally be taken. And this is a fertile source of claims under the FDCPA. And what the plaintiffs are saying is not principally that Forsyth violated Utah state law and that is in itself actionable. In fact, I don't think that's the case at all. There's no private right of action for failing to register. What the plaintiffs are alleging is that filing suit. Right. I understand their claim, but what relief are they seeking? They're seeking relief in the form of damages under the FDCPA and the analogous Utah statute on the basis that Forsyth violated those statutes by filing inaction when it was not properly. They're asking us to set aside and find that judgment was void. And they're asking us also to find the judgment void so that these collection actions will cease as well. I don't know how you get around the relief that they're seeking, which is avoid the judgment. I don't think there's any question that the plaintiffs asked as part of their relief to have the underlying state court judgment declared void and unenforceable. Why? Because it was obtained by Forsyth under circumstances where Forsyth was not registered under Utah law as a collection agency. That is one of the forms of relief that they requested. That does go to the underlying state court judgment, however. Did that defense have been raised in the original debt collection action? Could they have interposed an affirmative defense? Yes, that's an excellent question, Your Honor. Rule 8 of the Utah Rules of Civil Procedure spells out the affirmative defenses, types of affirmative defenses that must be asserted in a responsive pleading, much the same as it is under the federal rules. Among those affirmative defenses is the defense of illegality. As a corollary to the pleading concerns, Utah is also a compulsory counterclaim state under Utah Rule of Civil Procedure 13A. A pleading must state as a counterclaim any claim that at the time of its service the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and doesn't require adding another party. So not only was this issue an affirmative defense, in other words the defense of illegality, it was also a claim that the plaintiffs not just could have brought for purposes of claim preclusion but must have brought as a compulsory counterclaim under Rule 13A. What did they do? They answered. They didn't raise the defense. They allowed summary judgment to be filed in which Forsyth was asserting that there were no disputed questions of fact and it was entitled to judgment as a matter of law. They did not respond to the motion for summary judgment. The state court granted Forsyth's motion for summary judgment thereby determining that Forsyth was entitled to judgment as a matter of law and entered judgment and the plaintiffs did not appeal. What they did do is file a separate action seeking damages under the FDCPA and the Unalias Utah statute on the theory that what Forsyth did by filing suit in the underlying action was a violation of both statutes. That claim is subject to dismissal and was subject to dismissal and was properly dismissed by the district court under the doctrine of claim preclusion because the issue should have been asserted as an affirmative defense. The claims should have been asserted as counterclaims and the entry of final judgment in the state court action is preclusive of any further claims under the FDCPA or the Utah statute that should have been brought in the underlying state court action. So the district court's analysis in that regard as to the preclusive effect of the judgment on the FDCPA claims and the state statutory claims was absolutely correct. Let me ask you. I don't think you need to nullify it. Well yeah that's I want to ask you about that and it strikes me that in addition to the argument you are raising it may be dependent on what the outcome is. I mean if we were to say the district court got it right here and that there was claim preclusion we wouldn't nullify the earlier action. If we think the district court got it wrong and we decide to grant one of the kinds of relief sought we might have tried to set aside the district court action for the earlier action. Is Rooker Feldman ever looked at after the court reaches the merits? I mean could the court say we aren't going to worry about Rooker Feldman if we hereby decide and we now do decide that the district court was corrected by claim preclusion and had we come out otherwise we would have remanded or does Rooker Feldman have to be a predicate decision before you take a look or a peek at the merits determination? Well you know I think whether Rooker Feldman applies depends on whether the court can grant any of the relief that's being sought without nullifying the underlying state court judgment. Here just for example you have an FDCPA claim that in the absence of claim preclusion or other defenses that were raised could be a basis for relief without voiding the underlying state court judgment. In other words that could be some of the relief requested you couldn't grant because they are specifically asked for the nullification of the earlier state action but you it's hard for me to get my head around this if you say we're not going to upset the state court action but we're going to give you damages to offset your liability under the state law decision therefore nullifying is bite for you without actually going into the record books and striking it from the record. I just have trouble deciding which is nullification and which isn't. I think maybe the easiest way to look at it your honor is that the court would not have to make any determination as to the validity of the underlying state court judgment. In order to determine whether the plaintiffs would be entitled to relief under for example the Fair Debt Collection Practices Act on grounds that Forsythe in seeking to collect a debt in its unregistered status attempted or threatened to take action that it could not legally take. In fact if we take that approach we would not be upsetting the validity of the district state action because we would say maybe there was a good argument you could erase but you didn't so it wasn't preserved in that case so we're not challenging the validity of that action at all. We're now looking at a new action but maybe you're out of luck because you no occasion for us to say the state court action was wrong how could it be wrong failing to rule on a defense which wasn't asserted. Correct and the preclusive effect of the underlying state court judgment goes to the FDCPA claims and the state statutory causes of action that are predicated on Forsythe's attempt to pursue a debt. Why don't we have to remand those? I'm not following. You're saying we could we got count one here which you're talking about us saying we've got jurisdiction to talk about that but we don't have jurisdiction to talk about the second claim for relief which clearly says we want you to declare the judgment void. We want you we want him to you to be ordered to scourge all sums collected on a judgment. We want you to be enjoined from collecting on any judgments so wouldn't we have to remand that claim to the state court because we don't have jurisdiction to decide it and and if we're going to do that that that doesn't make any sense we've now got you litigating in two courts regardless of the merits of that claim which you can argue about we wouldn't have jurisdiction we why would we have you then proceeding in two courts when both of these could be remanded then to the to the state court? Because the relief that is being requested under the FDCPA and the Utah Consumer Sales Protection Act is a matter that this court that the district court has already properly decided and it is a matter that was within the district court's jurisdiction. It was that's not answering my question are you I mean you'd still is it prudential you're not disagreeing that we'd be remanding the state court on the claim that that seeks relief we can't grant and we don't have jurisdiction to do so and you would proceed then in state court and then we'd proceed in federal court we'd remanded the district court on this claim but it's not that is that that is what would happen correct I mean if if the court isn't that what would happen if if we take your approach? I think the court certainly can't adjudicate claims that are not within the court's subject matter jurisdiction I think that's in dispute. I'm not asking you that I'm asking what happens if we take your approach? You are proceeding we're then proceeding in two different courts with two different claims. Is that correct? If if we take if we take my approach the entirety this the entire action is well I'm suggesting if Ricker let's go back to where we Ricker Feldman precludes jurisdiction on claim to claim to then then perhaps the FDCPA the trial court's determination as it relates to the application of the doctrine of claim preclusion is one that should be affirmed by this court but if we don't I mean Ricker Feldman is subject about subject matter jurisdiction. Correct but but again it would be it would have to be a circumstance where the plaintiff can't get any of the relief requested in the federal court action without nullifying the underlying state court judgment and that just simply is not the case here the plaintiff could conceivably obtain relief under two separate statutes based on the alleged conduct of the defendant that has nothing to do with the validity of the underlying state state court judgment. If if there were there were no circumstance under which the court could grant any relief to the that Ricker Feldman comes into play that is not the that is not the case here the case here is simply that the plaintiffs were seeking relief under two separate statutes based on conduct of the defendant and that is anyway dependent upon the validity of judgment. Okay all right thank you thank you your honor. Your honor I I had used up all my time so I had yeah I think you did um I can I'll give you a your the issue of the compulsory counterclaims the same issue of res judicata is rise out of the same transaction or occurrence and I explained why we think it doesn't rise out of the same transaction or occurrence there's different facts different rights different claims it it's not the same it wasn't a compulsory counterclaim and I think to answer Judge Bell's dilemma as far as you know the issue is is while they might have had some contractual rights when they went to there's penalties if they don't enforce them in accordance with the law it'd be no different than someone using self-help and going after someone to to get the money that they're legally owed but the way they do it is improper and it makes them subject to liability for conducting those improper operations or conduct whatever you want to call it and that's why it it does and I go back the Finch case if you take a look at the Finch case they addressed it thank you thank you counsel you're you're you're out of time and we will consider your case and and it'll be submitted and you all are excused we appreciate your arguments very much they've been very helpful